### In Re, KINKADE

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1531.   Decided Oct. 4, 1926

1139. SURETY BONDS—Guardian—Where trustee under the will and guardian of minor beneficiary are the same person, and money received as the trustee is transferred to her as guardian, and surety bond for the guardianship is larger than that for the trusteeship, and where as such guardian, defaults occur, the surety company is estopped from denying responsibility for the funds which the guardian actually received and handled as guardian.

First Publication of this Opinion

ALLREAD, J.

This case grows out of a conflict of liability between a trusteeship under the will and a guardianship of the minor beneficiary therein. Josephine Howard was trustee under the will and also the guardian of Charles Kinkade, the minor beneficiary. Her account shows that as trustee under the will she received certain funds which she transferred to herself as guardian. Her account as guardian shows that she paid out money on checks issued by herself as guardian, but a considerable por-

tion of such money was for her own private use. She was found by the Probate Court to have defaulted as guardian in the sum of $5,722.23.

Bond was given by Mrs. Howard in the sum of $500 as trustee, and in the sum of $3000 as guardian. The Globe Indemnity Co. filed exceptions to the account as trustee, because she wrongfully transferred the fund to herself as guardian, and also excepted to the account as guardian because she wrongfully charged herself with funds which legally belonged to the trustee of the estate. The Probate Court overruled the exceptions as did the Franklin Common Pleas.

In the Court of Appeals, it was contended that the transfer of the funds to Mrs. Howard as guardian, in the bank, was wrongful, as the will provided that the fund should be retained by the trustee under the will and that the court should regard the fund as still in the hands of the trustee rather than the guardian.

The Court of Appeals held:

1. It must have been contemplated by the Probate Court and the guardian that the funds would be handled by the guardian rather than the trustee, the bond in the former being for $3000 and in the latter for $500.

2. The Indemnity Co. was surety in both cases and there is a possible inference that the surety may have known these facts; but the important fact here is that the transfer from the trustee to the guardian was not constructive, but was real, and she received said funds actually and legally as guardian.

3. "It is sufficient to say that he never qualified as trustee - - - and cannot therefore be regarded as having acted in any other capacity than as executor. Moreover, the sureties on the bond in the suit are estopped from asserting that he had ceased to be an executor anu was only a trustee." Foster, Admx. v. Wise, Admr.

4. Even if these funds were wrongfully received by the guardian as between the guardian and the trustee under the will, nevertheless having received the funds as guardian, she was bound to account for the same as guardian.

5. The monies were received by the guardian in her official capacity. The surety upon the guardianship bond does not stand as the protector of interests of the trustee but stands before the court as the representative of the guardian and in the same position as the guardian would stand.

Judgments of the lower courts in overruling exceptions affirmed.

(Ferneding & Kinkle, JJ., concur.)

Attorneys—Vorys, Sater, Seymour & J. M. Rankin for plaintiff; Frank M. Raymund for defendants; all of Columbus.