**HEISER BROTHERS CO v CLEVELAND
(city) et
HOARE v CLEVELAND (city)
ROYAL INDEMNITY CO v CLEVELAND
(city)**

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 11966, 11895 & 11896.

Decided June 1, 1932

Day & Day, Cleveland, for the Heisers.

Baker, Hostetler, Sidlo & Patterson, Cleveland, and Marcellus DeVaughn, Cleveland, for Alfred K. Hoare and Royal Indemnity Company.

Henry S. Brainard, Cleveland, and Parker K. Fulton, Cleveland, for City of Cleveland.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

MONTGOMERY, J.

It is claimed on behalf of the Indemnity Company that there was a misjoinder of parties defendant and that, in any view of the case, there should be a reversal of the judgment against the Company. This contention is not well founded. Such a joinder is justified under §286-4 GC. The amount of excessive charges made and collected during the life of the bond was far in excess of the amount of it. If the verdict against the other defendants for the larger amount· was justified, the verdict against the Indemnity Company for $5000 must stand.

The record in this case consists of .1225 pages. The exhibits are numerous and voluminous. Printed and typewritten briefs have been submitted in the aggregate of 265 pages. We have read.carefully all the briefs, the charge and rulings of the trial court, and a substantial part of the evidence. We have considered all the assignments of error.

The action was instituted upon a finding and report made by examiners under The Bureau of Inspection and Supervision of Public Offices of the Department of the Auditor of State under the provisions of §274, et seq GC, and the trial court admitted that report in evidence in toto. If that report was properly admitted, we would find no difficulty in coming to a determination of the issues presented. Eliminating for a moment, consideration of that report so admitted, we find no reversible error. The City offered sufficient proof of the fair market value of the articles sold it. The verdict was not manifestly against the weight of the evidence. There was proof of gross fraud and conspiracy sufficient to justify the verdict. There was not, in the introduction or rejection of evidence, or in the charge of the court, any prejudicial or reversible error.

The admission in evidence of this report as a whole presents a serious question. It has long been the practice to permit experts who have examined voluminous documents, records and accounts, to testify as to the net results of their examinations. In the case at bar, the report of the examiners as to their findings of fact would unquestionably be competent, but this report goes much further than this. It incorporates hearsay evidence. It sets forth arguments, deductions, inferences, conclusions of law, and alleged acts of misconduct by one of the parties and by others not parties to the suit. Its admission as a whole

violates almost every recognized rule of evidence. Were this a new question in Ohio, this court would hold such admission to be erroneous and prejudicial.

It is contended by the City that this report is made competent evidence by §286-1 GC, which section was held constitutional by the Supreme Court of Ohio in the case of the **State ex v Maharry, 97 Oh St, 272.** This precise question was not presented in the Maharry case. §286-1 GC, referring to such report, provides that: "A certified copy of any portion thereof shall constitute prima facie evidence of the truth of the allegations of the petition." In the case at bar our inclination would be to hold that a certified copy of the findings of fact and of such only, made by the examiners, would be competent, and such holding would not be inconsistent with the decision in the Maharry case.

However, our exact question seems to have been presented to the Court of Appeals of Lucas County in the case of **Graves v Board of Education, 24 Oh Ap, 428, (5 Abs 229),** and that court held the admission as a whole of a report containing incompetent and immaterial evidence to be proper. The Supreme Court of Ohio refused to entertain a motion to certify that case.

We, therefore, reluctantly come to the conclusion that this is not an open question in Ohio. Therefore, the judgment of the Common Pleas Court is affirmed as to each of the plaintiffs in error. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.