Allen, J.
 

 The judges of this court participating in these cases have divided equally upon the merits of the main legal question presented, and hence no judgment can be rendered. This leaves the judgment of the Court of Appeals affirmed. 44 Ohio App., 560.
 

 This was a civil action filed under Section 286, General Code, by the city of Cleveland against Alfred K. Hoare, its former commissioner of purchases and supplies, his surety, the Boyal Indemnity Company, and the Heiser Brothers Company, who at the time of the transactions set forth were engaged in the produce and commission business in Cleveland, and Ed. and Nate Heiser, who were sued as individuals for the reason that they were sole managing officers and owners of the stock of the Heiser Brothers Company, praying for a money judgment in the sum of $12,155.82, for produce, fruits, vegetables and foodstuffs sold by the Heiser Brothers Company to the city for use at the city hospital. The petition alleged a fraudulent conspiracy between the Heiser Brothers Company, Edward W. Heiser and Nate Heiser as individuals, and Alfred
 
 K.
 
 Hoare, to fraudulently and unlawfully overcharge the city for produce so purchased, and set forth that such fraudulent and unlawful overcharges were made in'the same alleged transaction. All defendants were joined in the same action in the court below, but the error proceedings of the Heisers and the Heiser Brothers Company were separated from the error proceedings of Alfred K. Hoare in this court. The identical legal questions are presented in the two cases.
 

 The importance of the question presented here is
 
 *627
 
 such that it seems wise to the three judges voting to affirm the judgment to make a brief declaration as to their opinion upon certain points involved in the cases. The principal legal question was the admissibility in evidence of .the report of a state examiner of the bureau of inspection of public offices in Ohio, under Section 286-1, General Code. This section reads as follows: “The civil actions provided for in Section 286 of the General Code may be entertained, heard and determined by any court having jurisdiction of the amount involved or having jurisdiction to afford the remedy prayed for, notwithstanding the absence of any other provision of law authorizing such civil actions to be filed by the attorney general, prosecuting attorney, city solicitor or legal counsel employed by the mayor of a village. In any such action it shall be sufficient for the plaintiff to allege in the petition so much of the report of the bureau of inspection and supervision of public offices as relates to the claim against the defendant therein and that the amounts claimed against the defendant are unpaid, and it shall not be necessary in such petition separately to state and number any separate causes of action, the findings of such report, upon whatever claims or circumstances based, being considered for that purpose as constituting a single cause of action; nor shall the plaintiff be required to set forth in the petition any other or further matter relating to such claims. A certified copy of any portion thereof, shall constitute prima facie evidence of the truth of the allegations. of the petition.”
 

 This report was offered in evidence and received by the trial court in its entirety. Many parts of this report embody hearsay statements, arguments, deductions, inferences, conclusions of law, etc., which should not have been offered in evidence. The trial court, when the report was presented, and objected to by the defendant, should have rejected all such inadmissible
 
 *628
 
 statements. Section 286-1 does not permit the admission in evidence of such conclusions, hearsay, and evidential statements. The section specifically states that the “findings of such report” shall be “considered * # * as constituting a single cause of action,” and that “a certified copy of any portion thereof shall constitute prima facie evidence of the truth of the allegations of the petition.” This last sentence immediately follows the sentence containing the provision as to the “findings of such report,” above referred to, and relates to and authorizes the admission in evidence of “such findings” only. The case of
 
 State, ex rel. Smith, Pros. Atty.,
 
 v.
 
 Maharry,
 
 97 Ohio St., 272, 119 N. E., 822, supports this view, for in that case only the “findings” were admitted in evidence.
 

 Weygandt, C. J., Day, Stephenson, Jones and Matthias, JJ., concur in the above paragraph.
 

 If this were a closer controversy, the reception in evidence of such objectionable material would compel us to reverse the case upon that one ground. However, we believe that it would be futile to retry this case. The reversal of judgments in trials where a verdict against the defendant is a foregone conclusion, owing to the overwhelming weight of the testimony against him, makes judicial proceedings a farce. The large financial burden thus unnecessarily cast upon the taxpayers in the retrial of cases is not the only nor the most sinister feature of constant reversal upon technicalities. Still more important is the fact that thereby the citizens lose their faith in the administration of justice by the courts, and their desire to cooperate with the courts in the attainment of justice.
 

 With or without the report which contained the inadmissible matter, which never should have been presented in evidence, which should have been ruled out
 
 *629
 
 by the trial court, in our opinion this voluminous record presents such overwhelming testimony of the guilt of the defendants of the frauds charged that we cannot believe any other result would be reached than the one which the jury did reach.
 

 Section 11364, General Code, in part reads as follows: “In every stage of an action, the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. No judgment shall be reversed, or affected, by reason of such error or defect. In the judgment of any reviewing court upon any petition in error in any civil action, when it is sought to reverse any final judgment or decree or obtain a new trial upon the issues joined in the pleadings, such reviewing court shall certify on its journal whether or not in its opinion substantial justice has been done the party complaining, as shown by the record of the proceedings and judgment under review. In case such reviewing court shall determine and certify that in its opinion substantial justice has been done to the party complaining as shown by the record, all alleged errors occurring at the trial shall by such reviewing court be deemed not prejudicial to the party complaining and shall be disregarded and such judgment or decree under review shall be affirmed, or it shall be modified if in the opinion of such reviewing court a modification thereof will do more complete justice to the party complaining * * * .” This section of the statute should be applied by this court.
 

 It is the function of this court, not merely to lay down abstract rules of law, but most of all to do substantial justice. Hence I cannot concur in a reversal of this judgment.
 

 Judgment affirmed.
 

 Weygandt, C. J., and Stephenson, J., concur.
 

 Kinkade, J., not participating.